IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**ERIC C. BURGIE**                                                    **PLAINTIFF**
**ADC #120956**

v.                          No: 2:18-cv-00006 BSM-PSH

**WENDY KELLEY,** *et al.*                                         **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Eric C. Burgie filed a complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* on January 8, 2018. Doc. Nos. 1 & 2. In addition to the complaint, Burgie filed a motion for a preliminary injunction. Doc. No. 3. This recommended disposition concerns Burgie's application to proceed *in forma pauperis* and his motion for a preliminary injunction.

Burgie is an inmate at the East Arkansas Regional Unit ("EARU") in the Arkansas Department of Correction ("ADC") and a "three-striker" under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"). The PLRA's three-strikes provision states that a prisoner cannot proceed *in forma pauperis* in a civil action if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, ***unless the prisoner is under imminent danger of serious physical injury.***

28 U.S.C. § 1915(g) (emphasis added). The U.S. Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *See Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001). Burgie received strikes in the following cases: *Burgie v. Norris, et al.,* No. 5:05-cv-00317-SWW (E.D. Ark. 2006); *Burgie et al. v. Hannah et al.*, No. 4:12-cv-00051-J (E.D. Ark. 2012); *Burgie v. McDaniel, et al.*, No. 4:14-cv-00181-KGB (E.D. Ark. 2014); and *Burgie v. Harris, et al.*, No. 5:06-cv-00258-BRW (E.D. Ark. 2008).

As a three-striker, Burgie must show that he was in imminent danger of serious physical injury at the time he filed the complaint to be allowed to proceed *in forma pauperis*. 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). The Eighth Circuit has clarified that the imminent danger exception applies only when there is a genuine risk of an "ongoing serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). Burgie alleges that he is in imminent danger of serious physical injury because he believes he has been exposed to asbestos or other carcinogens contained in plywood placed over broken windows in his barracks. Burgie was instructed to file an

2

amended complaint explaining why he believes he has been exposed to asbestos or any other dangerous chemical, how long he has been exposed to the same, and whether the Defendants were aware of such exposure. Doc. No. 4. Burgie was also instructed to describe what medical treatment he has sought and any diagnosis he has received. *Id.*

Burgie filed an amended complaint on March 15, 2018 (Doc. No. 13). He maintains that on December 12, 2017, cracked and broken glass in one barracks was removed and replaced with plywood which was then broken by inmates around the time he filed this complaint in January 2018. Doc. No. 13 at 7-8. Burgie states:

> . . . on the surface of one of the boards the maintenance crew put up it had a warning sign that clearly stated that this product (the wood or plywood) contained chemicals that have been known by the state of California to cause cancer. And it is widely known that this particular wood that the maintenance crew put up in one barracks windows contained asbestos, which is a human carcinogen (a product that causes cancer), as well as other harmful chemicals.

*Id.* at 7. Burgie claims that since the plywood was broken in January, he has been coughing, having difficulty breathing, experiencing the feeling of something in his lungs or chest, irritation, and at different times high fevers. *Id.* at 8. Burgie states that he sought medical treatment, was tested for the flu twice, and given allergy medications. *Id.* at 13. Burgie generally asserts that the plywood continues to be broken but does not detail how often the boards are broken and replaced. *Id.* at 12. Burgie also asserts that he was retaliated against for filing this action but provides no details to support that allegation. *Id.* at 11.

Having reviewed Burgie's amended complaint, the Court finds that Burgie fails to allege sufficient facts to show he is imminent danger of serious physical injury. Moreover, Burgie fails to allege sufficient facts to support a claim for relief. An action fails to state a

claim upon which relief can be granted if it does not plead sufficient facts to "raise a right to relief above the speculative level" or "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although the Court must give a *pro se* complaint the benefit of a liberal construction, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the Court need not weigh all factual allegations in favor of the plaintiff if the facts alleged are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (explaining that clearly baseless facts include those that are fanciful, fantastic, and delusional). *See also Glick v. Henderson*, 855 F.2d 536, 539 (8th Cir. 1988) (affirming dismissal of complaint based on unsubstantiated fears and ignorance).

Burgie bases his belief that he is being exposed to dangerous chemicals on a California warning label printed on the plywood.  Burgie also states it is well-known that plywood contains asbestos but provides no basis for this assertion.[1]  Even if the plywood contains some chemicals known to cause cancer, Burgie provides no facts to support his belief that the occasional breaking of it is sufficient to cause such chemicals to become airborne in significant enough amounts to cause illness.  Because Burgie's complaint is based on speculation, it should be dismissed without prejudice for failure to state a claim. For the same reasons, granting injunctive relief[2] is not appropriate.  Accordingly, Burgie's motion for a preliminary injunction should be denied.

---

[1] The Court takes judicial notice that the use of asbestos in most products is banned under the Toxic Substances Control Act.  *See* Fed. R. Evid. 201; https://www.epa.gov/asbestos/us-federal-bans-asbestos#tsca.

[2] The granting of injunctive relief is an extraordinary remedy, particularly in a prison context.  *See Goff v. Harper*, 60 F.3d 518 (8th Cir. 1995).  In that context, a request for

IT IS THEREFORE RECOMMENDED THAT:

1. Burgie's motion for leave to proceed *in forma pauperis* (Doc. No. 1) be DENIED;

2. This case be DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted; and

3. Burgie's motion for preliminary injunction (Doc. No. 3) be DENIED.

DATED this 19th day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

---

injunctive relief must be viewed with great caution because judicial restraint is called for in dealing with the complex and intractable problems of prison administration. *See Id.* In considering whether to grant such relief, the Court must consider the following factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. *See Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981).